## Oak Lane Printing & Letter Service, Inc. v. Soble

*Allen S. Kellermer,* for plaintiff.
*Abraham Soble,* p.p.

WEINROTT, *J.*, December 5, 1974—Plaintiff filed a petition in equity seeking an injunction to prevent defendant, a former employe, from interfering with plaintiff's business relationships with its customers. Defendant had undertaken a letter writing campaign which, if true, impugned the integrity of plaintiff's business. The letters were so numerous and contained such scandalous and impertinent data, that plaintiff was compelled to spend substantial amounts of time away from its business in an effort to quell the mounting and continuous inquiries from its customers. Defendant refused to stop his pattern of interference and plaintiff instituted this complaint and prayer for an injunction.

On September 6, 1974, a rule to show cause was issued, returnable on September 19, 1974, as to why the injunction should not issue. On September 19, 1974, the parties appeared before this court and defendant was not represented by counsel. Defendant requested a continuance for the purpose of obtaining counsel, and the request was granted. Thereafter the case was set down for hearing on October 1, 1974.

On October 1, 1974, the parties again appeared before this court and defendant still was not represented by counsel. The matter therefore proceeded on to hearing on the merits.

At the hearing, defendant admitted writing the letters which were introduced into evidence as plaintiff's exhibits 1 through 22. He furthermore agreed to refrain from continuing that course of conduct and testified that his motivation for the writing of the letters to plaintiff's former customers was that he wanted an accounting of his earnings from plaintiff.

On review of the evidence submitted by plaintiff, there is no doubt that the circulation of the letters by defendant constituted a tortious interference with plaintiff's business relationships with its customers. The letters contained innuendos in some respects, outright accusations of crimes in other respects, and were of such a nature as to cause any reasonable man more than an ordinary degree of care. As a result of the circulation of these letters, plaintiff and its employes devoted an unusually long number of hours in a public relations endeavor to right the alleged wrongs which defendant had circulated.

We conclude that the court has jurisdiction of the subject matter and the parties; that defendant circulated the letters in question which were tortious in nature; that he had no right to circulate the letters, and that an injunction should issue preventing him from continuing this course of conduct.

The above shall constitute our findings of fact and conclusions of law in accordance with Rule 1517.

Since defendant has admitted wrongfully circulating these letters and agreed that an injunction should issue restraining his conduct along these lines, we enter the following:

## DECREE NISI

And now, December 5, 1974, it is ordered, adjudged and decreed as follows:

That defendant, Abraham Soble, be and hereby is permanently enjoined from—

(1) Communicating by any means with the customers of plaintiff, Oak Lane Printing & Letter Service, Inc., by writing or telephone or otherwise, and

724

from making libelous statements to plaintiff's customers; and

(2) Interfering in any manner whatsoever with plaintiff's business relationships with its customers.

That plaintiff shall file bond in the amount of $100.

The prothonotary is directed to enter this decree nisi and give notice thereof to the parties and their counsel, and unless exceptions thereto are filed within 20 days thereafter, the decree nisi shall be entered as a final decree by the prothonotary as of course.